UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

08 JAN 23 AM 9: 16

'08 MJ 0196

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Magistrate Case No._____ |
| ) | |
| Plaintiff, ) | COMPLAINT FOR VIOLATION OF |
| ) | |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| **Oscar FRANCO-Munoz** ) | Attempted Entry after Deportation |
| ) | (Felony) |
| Defendant. ) | |

The undersigned complainant being duly sworn states:

On or about **January 22, 2008**, within the Southern District of California, defendant **Oscar FRANCO-Munoz**, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **Tecate, California, Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Claudia Rios, U.S. Customs and Border
Protection Enforcement Officer

Sworn to before me and subscribed in my presence this **23rd** day of **January 2008**.

_____
United States Magistrate Judge

## Probable Cause Statement

On January 22, 2008 at approximately 0650 hours, a male later identified as **Oscar FRANCO-Munoz (Defendant)** made application for admission into the United States from Mexico at the pedestrian entrance of the Tecate, California Port of Entry. Defendant was traveling alone. Defendant presented a U.S. Passport bearing the name David Pulido as his entry document to a Customs and Border Protection (CBP) Officer. Defendant stated he was going to El Cajon, California. The CBP Officer noticed the entry document appeared to be photo-altered and referred Defendant to secondary inspection.

In secondary, the defendant was queried through the Automated Biometric Identification System (IDENT), which identified the defendant as a citizen of Mexico previously removed from the United States. The defendant's true identity and immigration record were verified utilizing the Integrated Automated Fingerprint Identification System (I-AFIS).

Queries of Immigration Service records including Central Index System (CIS) and the Deportable Alien Control System (DACS) identified Defendant as a citizen of Mexico with no legal documents to enter, pass through or reside in the United States. DACS information indicates that on or about Defendant was ordered removed by an immigration judge 03/24/03. Defendant was removed from the United States to Mexico on or about 02/26/04. Immigration service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding Defendant was advised of his Miranda Rights. Defendant acknowledged his rights and agreed to answer questions without the benefit of counsel. During a subsequent interview, Defendant admitted he is a citizen of Mexico by birth in Guadalajara, Jalisco, Mexico. Defendant admitted he possesses no documents or other benefit that would permit his legal entry into the United States. Defendant admitted that a male individual in Tijuana provided him with the document he presented at primary inspection. Defendant admitted he paid $700 USD for the document. Defendant admitted he intended to enter the United States and travel to Los Angeles, California. Defendant admitted that he has been previously deported from the United States. Defendant admitted that he has never applied for permission to legally enter the United States.